BAY CITY PLUMBING & HEATING CO. *v.* LIND.

1. Municipal Corporations—May Not Use Highway of Township Without Its Consent—Constitutional Law.

Although, under Art. 8, § 23, Mich. Const., a city has the right to acquire, own, and operate a water system, yet under section 28 of said article, guaranteeing to municipalities the right to control their streets, etc., it has no right to install its water pipes in the highway of a neighboring township without first securing its consent; "corporation," as used in said section, including municipal corporations.[1]

2. Same—Statutes.

Section 3417, 1 Comp. Laws 1915, authorizing a board or commission to use the highways for the purpose of laying pipes connected with a municipal waterworks plant, has reference to the highways in the municipality and not to those in another municipality; otherwise it would infringe the rights guaranteed by Art. 8, § 28, Mich. Const.[2]

Error to Bay; Boomhower (Xenophon A.), J., presiding. Submitted January 22, 1926. (Docket No. 18.) Decided July 1, 1926.

Case by the Bay City Plumbing & Heating Company against Peter Lind and another for the alleged wrongful removal of certain water pipes. Judgment for plaintiff. Defendants bring error. Reversed, and no new trial ordered.

*Robert H. Lane,* for appellants.

*Lewis J. Weadock,* for appellee.

Bird, C. J. The city of Bay City was recently engaged in installing a new water system. It owned the necessary property on the shore of the bay. To reach that property it was obliged to traverse the

---

[1]Highways, 29 C. J. §§ 372 (Anno), 374 (Anno); [2]Id., 29 C. J. § 374 (Anno).

township of Bangor with a water pipe.    Plaintiffs were engaged in laying that water pipe for the city. They laid several hundred feet in the highway, which extended from the city to and through the township. It was laid about 12 feet east of the traveled way and interfered in no way with travel.    Defendants, after 5 o'clock one evening, hitched farm tractors to the pipe and pulled it out.    The defendants are the supervisor and highway commissioner of the township and they justify their acts on the ground that Bay City had no franchise to place their pipe in the township of Bangor; that no permission had been granted to Bay City, and it had condemned no property rights for that purpose.    The matter was submitted to a jury and they returned a verdict for plaintiff of $295.

Defendants contend that under the proofs they should have had a directed verdict.    They contend that Bay City was installing its water system under the authority of 1 Comp. Laws 1915, § 3401 *et seq.*; that this act gives Bay City the authority to purchase land rights, and to condemn the necessary property rights.    The city used neither of these methods, and, therefore, under article 8, § 28, of the Michigan Constitution, it was a trespasser when it attempted to use the property rights of the township of Bangor. The constitutional provision referred to is as follows:

"No person, partnership, association, or corporation operating a public utility shall have the right to the use of the highways, streets, alleys, or other public places of any city, village, or township for wires, poles, pipes, tracks, or conduits, without the consent of the duly constituted authorities of such city, village, or township; nor to transact a local business therein without first obtaining a franchise therefor from such city, village, or township.    The right of all cities, villages, and townships to the reasonable control of their streets, alleys, and public places is hereby reserved to such cities, villages, and townships."

Plaintiff, in answering this contention, points to the constitutional provision authorizing cities and villages to own and operate waterworks within or without its limits. That section, in part, reads:

"Subject to the provisions of this Constitution, any city or village may acquire, own, and operate, either within or without its corporate limits, public utilities for supplying water, light, heat, power, and transportation to the municipality and the inhabitants thereof; and may also sell and deliver water, heat, power, and light without its corporate limits to an amount not to exceed twenty-five per cent. of that furnished by it within the corporate limits." * * * Article 8, § 23.

The plaintiff also calls attention to the statutory provisions which authorize cities and villages to acquire property rights for the construction of water systems (1 Comp. Laws 1915, § 3417). Plaintiff argues, in view of these provisions, Bay City was well within its rights in entering upon the territory of Bangor township with its water pipes without first obtaining permission or a franchise therefor.

While Bay City had the right to acquire, own, and operate a water system within and without its corporate limits, in doing so it was incumbent on it to observe other provisions of the Constitution (Art. 8, § 23). It was obligated to observe section 28 of article 8. That section provides:

"No person, partnership, association, or corporation operating a public utility shall have the right to the use of the highways, * * * without first obtaining a franchise from such city, village, or township."

A municipal corporation must be included in the word "corporation," as there used, especially when the municipality is engaged in public utility construction outside of its own territory. If this were not so, a municipal corporation could sell its surplus power to a manufacturing plant in a neighboring village and

erect its poles in that village contrary to the wishes of its inhabitants and thereby deprive the neighbor of a "reasonable control of its streets, alleys, and public places." But counsel says section 3417, 1 Comp. Laws 1915, authorizes Bay City, when erecting waterworks, to use the highways. The language of that section is:

"If in the opinion of such commission or board it shall be advisable or necessary to use any public highway for the purpose of laying the pipes connected with such waterworks, or for any other purposes necessary for the construction and maintaining of such waterworks, such board or commission may, at any time, use such highway, or any portion of the same, for such purpose; *Provided, however,* Such use shall not prevent the free use of such highway by the public."

We think the authority to use the highways as given by this section must be restricted to the use of the highways in the municipality; otherwise it would infringe the rights guaranteed to the township by article 8, § 28, of the Michigan Constitution. The fact that this section appears among the sections outlining the method for condemning private property in cities or villages lends strength to this view. When these sections of the Constitution and statute are construed with reference to each other, our conclusion is that the city of Bay City had no right to install its water pipe in the township of Bangor without securing from that township its consent.

As it was agreed in the statement of facts that defendants acted in good faith, with care and prudence, and without wilfulness or negligence, in removing the trespass, the judgment will be reversed, with no new trial. Defendants will recover their costs.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.